The Pit. declares in Cov’t upon a Deed from the Intestate to the Pits. Father dated in 1708. whereby in Cons, of 150 £. he sells to him certain Lands & covenants to warrant defend save harmless [250] & keep indemnified the said Land to the Grantee ag’t all & every pson & persons whatsoever that should thereafter make any Claim or pretend any Title And avers that the Estate [sic] or the Defts. have not defended saved harmless &c. (in the very Words of the Cov’t) And that so the Intestate or the Defts. have not kept the Cov’t of the Intestate but broke the same
The Defts. plead that the Fit. & his Fa’r from the making of the Deed to the bringing of this Suit have peaceably enjoyed without the Molestation Interruption or Hindrance of any pson w’tsoever
The Pit. replies that the Intestate & his Wife were seised in Right of the Wife & made the Deed af’d which they acknowledged but there is no Record of her privy Examination And that so the Intestate or the Defts. have not defended saved harmless & kept indemnified the said land ag’t the Claim & Title of the Wife And to this Repl. the Deft, demurs
I think I might with Reason in this Case find fault with the Declaration for that the Assignment of the Breach is too general And also with the Repl. as it is no Answer at all to the Defts. Plea Inconsistent upon the Face of it & a Departure from the Decl. as I think But I will wave all cavil & Exception to the Pleading And confine myself to speak to the Merits of the Cause alone by endeavouring to shew that taking this Case as it appears upon the Pleadings there is no Breach shewn of the Cov’t upon which the Pit. declares
The Case upon the Pleadings is in short this A Man & his Wife seised in Right of the Wife sell & convey Land by Deed which they ackn. but there is no Record of the Wifes Exam. There is a Cov’t in the Deed to warrant defend save harmless & keep indemnified the Land ag’t the Claim & Title of all psons. *B269 This Deed has been, made almost 30 Years And the Pit. & his Father have peaceably enjoied without the Claim or Disturbance of the Wife or any other ever since And the Question I take it properly is
Whether the Pit. can maintain an Action on the Cov’t to warrant save harmless &c. because the privy Exam, of the Wife is not rec’o for that is all the Breach assigned
The very State of the Question in my humble Opinion shews the Absurdity & ill Ground of the Pits. Action Cor where is the Sense or Propriety to say we have not warranted saved harmless &c. because the Clerk omitted to rec’o the Wifes Exam An act not in our Power to compel him to And which [251] it was the Business of the Purchasor to look to Especially when it is not pretended that the Pit. has at all suffered by this Omission but it is admitted that the Wife has never disturbed him He & his Father have had quiet Possion these 30 Years Cov’ts are to be considered. 1. According to the Force & Operation of the Words in Law 2. According to the Intention of the Partys Now a Cov’t in these Words To warrant &c. have no further Operation in Law than to subject the Covenanter to make good all Damages that the Covenantee sustains by Reason of lawful Evictions Sr. E. Cokes Opinion in 1 Br. 21. is express that in a Cov’t to warrant & defend there must be a Title paramount & a lawful Eviction before an Action will lie So that a Title alone with’t Eviction will not do And there is this plain Reason for it perhaps the Title may never be exerted The Case of Foster a Wilson in On. 100. proves the same Point as to the Words save harmless & indemnified A Man made a Lease & covenanted to save harmless ag’t P. B. In an Action of Cov’t the Breach assigned was that P. B. entered & ejected him but not sayed with Title And it became a Question whether the Covenanter was to indemnifie ag’t all Entrys of P. B. whether by Right or Wrong And a Difference is there taken & settled that where a Cov’t is gen’l ag’t all psons there it shall be extended only to Evictions with lawful Title but where it is special ag’t A. B. there it shall be extended to all Evictions of A. B. either rightful or wrongful Which fully proves there must be some Eviction before an Action will lie
But the Case of Griffith a Harrison 1. Sal. 196. is more express in the Point A Man assigned a Lease & covenanted to keep indemnified ag’t all Arrears of Rent There was Rent in Arrear *B270 but the Pit. had never been sued for it Yet brought an Action on this Cov’t And adjudged the Action would not lie For in all Cov’ts to save harmless there must be an actual Damnification before there can be sayed to be a Breach To apply this Case Here they say the Wife not being exam’d her Title is lying out ag’t them & they are liable to be evicted which is true But they never have been evicted or disturbed these 30 Years Therefore the Pit. is not damnified What Right then has he to this Action
Another strong Case & which seems the very parrallel of this is Grocock a White Mo. 175. Debt on Bond with Condition to save harmless & defend certain Land ag’t J. S. & all others The Deft, pleaded as we have done that the Pit. was never lawfully disturbed The Pit. demurred And adj’d for the Deft. [252] that the Plea was a good Bar Indeed it was not so much as pretended that the Action would lie with’t some Disturbance but the Question & Doubt was upon the Word lawfully Whether the Obligor was not obliged to defend ag’t unlawful as well as lawful Disturbance Now here we have pleaded the Pit. never was disturbed at all without distinguishing between lawful & unlawful Disturb’a And so our Case is stronger it being admitted that the Pit. never has been disturbed at all
These Cases I hope fully prove that there must be an Eviction or other Damnification before a Man can have an Action on a Cov’t of this kind Indeed if there were no Authoritys in Law The Reason of the Thing in my Opinion speaks plainly enough Shall a Man have an Action before he is injured And when perhaps he never may be What Rule or Measure can there be for a Jury to assess Damages The Chancery indeed by an extraordinary Power will sometimes allow of a Bill qui a timet as it is called because the Pit. is apprehensive of Danger but I never yet heard of such an Action at Law. In Chancery it is only to have Security but here Damages must be given for a Thing that may or may not happen & before the Pit. has suffered any Wrong or sustained any Damage
And as it is very clear that this Action cannot be maintained form the Force & Operation in Law of the Words of this Cov’t So there is as little Reason to support it from any supposed Intention of the Partys But upon Cons, of the whole Deed I think it is evident there co’d be no such Intention in making this Cov’t Because there is another proper Cov’t to provide ag’t any Defect in the Conveiance (as this Circumstance of the Wife *B271 not being exam’d must be allowed to be one) And that is a Cov’t for further Assurance This is an usual Cov’t in Deeds & inserted for the very Purpose in Case there be any Defect in the Conveiance to compel the Grantor to perfect it But the Pit. has not thought fit to ground his Action upon this Cov’t perhaps for a Reason that I shall have Occasion to remark presently But this Cov’t for furth’r Assurance is I think a full Demonstration that it was not the Intention of the Partys in making the Cov’t the Pit. has declared upon to subject the Covenantor to an Action for any Defect in the Conveiance or because the Wife was not privily exam which is the Breach assigned
For the Pit.
It was argued that if a Man lay open to an Action or if the Damnification was certain & inevitable an Action would lie before actual Damnification That the Wifes Title was lying out & she would certainly recover And it would be inconvenient that they should wait till the Wife sued because in the mean Time the Estate might be all administered The foil. Cases were cited Bush a Ridgley Cro. El. 264. 5 Co. 24. Broughtons Case 3 Bui. 233. Abbotts a Johnson & Sr. Antho. Maynes Case 5 Co. 21. But Judgment was given that the Demurrer was good per totam Curiam. April 1737.
*B271 I cannot well imagine then what can be offered on the other Side to support this Action It may be sayed indeed that nothing passed out of the Woman by the Deed & her Title lies [253] out ag’t them I have I hope clearly shewn that the Title lying out signifies nothing unless there is an Eviction or at least some actual Damage suffered And I will beg Leave to add that perhaps the Woman never will disturb them Or if she should it may be to little Purpose their Possion of 30 Years may be a good Bar to her Title by the Act of Limitation The Husband 1 believe has been dead above 20 Years & she must sue within 10 years after her Discoverture & can have no Advantage of a 2d Disability If then the Pit. has a good Title ag’t the Wife which may be true ought he then to recover Dam’s in his Action Or if the Wife or her Heir never sues there is as little Reason Besides as I have observed it is impossible for a Jury to tell what Damages ought to be assessed
Perhaps the Woman is ready to make a better Conveiance & to rel. her Right & Title Ought the Pit. then to recover at least he sho’d have asked her before he had sued And if she had refused a good Action would have lain tho’ not on the present Cov’t as I conceive but upon that for futh’r Assurance But this would not answer the Pits. Purpose so well who after using the Land for 30 Years whereby it is become of little Value possibly would now rather have his Cons. Mony again by Way of Dam’s than have a good Title made to him And this I believe was the true Motive to bringing this Suit But as it has no Foundation either in Law or Justice I hope Judgm’t will be for the Deft.